The opinion of the Court was delivered by
WITHERS, J.
The leading question presented by this case is, whether it is concluded by the rule derivable from Smith vs. Henry, 1 Hill, 16. In that case as in this the facts concurred, to wit: that a debtor sold personalty, (a slave in the present instance, several in the other,) to an antecedent creditor, and the possession was not changed, but in each case *75 remained witb tbe debtor. In Smith vs. Henry tbe debtor continued to use tbe property as bis own, there being no fact established that be was to pay any hire; whereas in tbe present case a note was given for hire by tbe debtor. Does this fact, supposing tbe contract for hiring to be bona fide, distinguish tbe two cases, and vindicate tbe doctrine held upon circuit, that possession remaining in tbe vendor upon tbe contract of hiring opened tbe inquiry, as to fraud in tbe sale, and carried it to tbe jury as a question of contested fact ?
There is no doubt we must give an affirmative answer, and maintain, that tbe case of Smith vs. Henry does not apply, where such a contract for hire, bona fide, is made between vendor and vendee.
Eor this we have tbe clear and distinct authority of Judge Harper himself, who pronounced tbe opinion in tbe case of Smith vs. Henry. This appears in tbe case of Jones and Briggs v. Blake and Wife, 2 Hill, Ch. 636-7. In that case tbe stipulation to pay hire was adjudged to take it out of tbe principle of Smith vs. Henry, and it is affirmed, that tbe language used in tbe latter case and tbe quotations from Twyne's case and Sbep. Touchstone, introduced to support it, clearly import a principle which cannot apply where tbe debtor retains tbe possession, after an absolute sale, in pursuance of an honest stipulation for hire.
By consulting tbe case from 2 Hill, Cb. cited above, it will be seen, that tbe principle of Smith vs. Henry was, that though tbe law will not *allow a debtor to prefer one creditor over another; be will not be allowed to secure an advantage, (that is, an advantage in relation to property, profit or pecuniary advantage,) at tbe expense of bis creditors, as tbe price of such preference. Tbe creditor will not be allowed to give a bribe, which means, in law a pecuniary benefit, as tbe price of tbe preference given to him over other creditors. “In this case, *76 (says Chancellor Harper,) the proof is distinct and certain, that the donor was to pay hire for the slaves. Can I say that bis retaining possession under this stipulation was the securing a benefit to himself? I do not see how. In general a party who hires slaves may be supposed to do so for his own convenience. But if the price be full and fair the law must regard the transaction as an exchange of equivalents.” As to the attempts which, the Chancellor concedes, such a construction will call forth to “ evade the rule as laid down in the case of Smith vs. Henry” he observes; “but it must be the business of the court to guard against evasions. If the stipulation were kept secret between the parties themselves — if the hire were very inadequate — if it remained for a long time not paid or demanded, all these would be circumstances to show the stipulation to be colorable or evasive.” (Although the word “ donor” is used above, the fact of the case was that the slaves were claimed as having been transferred to pay an antecedent debt due from Groodwyn to his daughter, Mrs. Blake, precisely of the character of the debt owing by Edwin D. Pringle to the plaintiff, in the case now under consideration.)
We have then an exposition of Smith vs. Henry peculiarly authoritative, which shows that the doctrine of that case does not exclude the evidence of hiring as matter to be weighed upon the question of fraudulent sale as between debtor and creditor. It results, necessarily, that the circuit court could not exclude the evidence of hiring by the vendor, and if1 not, that it could not hold the transaction before it to be subject to the legal presumption of fraud per se • that the question of fraud must go to the jury who have a right to determine it. The complaint here is not that the jury were not properly admonished as to the consideration of the fact of hiring, but it is, that the ruling on circuit did not exclude the whole influence of that fact. According to the exposition of Smith vs. Henry, already referred to, with which this court 'concurs, the instruction now insisted on, ought not to have been given. *77 If we were to go back to tbe progenitor of Smith vs. Henry, (Twyne's Case, 8 Coke R. 80,) mucb might be gathered in support of the exposition we have adopted; but that examination can be made bj him who has occasion to make it, and need not burthen this opinion.
The case of Fulmore & Mouzon vs. George S. & Thomas Burrows, 2 Rich. Eq. 95, has been cited to show, that an agreement to pay hire and notes executed for it will not withdraw a case from the conclusive presumption of fraud. Upon examining that case it is found, that the fact of hiring was heard, as a part of the case, was considered, and was adjudged to have no weight because it was itself held to be merely pretensive, and, therefore the rule of Smith vs. Henry was applied to that case. If the jury had so disposed of the like fact in the present case, and we should have been quite content if they had, we should have found here also a proper instance for the application of Smith vs. Henry.
In the case of Motley vs. Albert, 11 MSS. 84, the sale was attacked upon the ground that there was no consideration at all for the property pretended to have been purchased: and the effort to rebut the Continued possession of the vendor by evidence of hiring was held unsuccessful, for such evidence, as to any period of time, was extremely obscure, indefinite and uncertain, and no evidence at all of hiring was given for three or four years before executions were levied upon the property; but it must be observed that evidence as to hiring was heard and considered, which ought not to be, if from the two concurring and precedents facts which make the case of Smith vs. Henry, the law has drawn a conclusive presumption of fraud. Thus much for the leading question in this cause.
The remaining question was, whether, if the sale to the plaintiff were exempt from fraud, an execution, lodged before such sale, was satisfied in full, or whether a small balance was not due. That point produced a contest in evidence, and we see no warrant to overturn the conclusion of the jury, to *78 whom it was referred, with such instructions by the court as have originated no objection, touching them, in the grounds of appeal
The general conclusion is, that the matter of fraud, in this instance, was a question of fact, and not of legal presumption conclusive and irrebutable; that the other point also presented an inquiry of fact, and whatever we might have concluded, if lawfully charged with the questions of fact, we ought not to invade the province of the jury; and must adjudge this appeal to be dismissed.
O’Neall, Wardlaw, WhitNer, G-lover, akd Muero, JJ., concurred.

Motion dismissed.

 So in the opinion. — E.